IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ARAGON,

       Plaintiff,                              CV F 02 6216 REC WMW  P

      vs.                                     ORDER

N. HIRSCH, et al.,

       Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the March 17, 2005, amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this civil rights action against correctional officials employed by the Department of Corrections at the California Correctional Institution at Tehachapi (CCI).  Plaintiff names the

following individuals: M. Yarborough, Warden; N. Hirsch, M.D., a staff physician and surgeon at CCI; J. Close, the Health Care Manager; Medical Technical Assistant (MTA) J. Patton; Health Care Manager J. Moor; Appeals Coordinator K. Carter.  Plaintiff claims the he was denied adequate medical care.

Plaintiff suffers from "an inflammatory and irritated skin disorder located on the groin area."  Plaintiff specifically alleges that he was diagnosed with eczema, a condition can not be cured.  This condition causes itching, irritation, and "bleeding infections."  These symptoms are triggered by emotional stress.

Plaintiff was first examined for his condition while he was housed at the R.J. Donovan Correctional Facility, and referred to a dermatologist.  Plaintiff was transferred to CCI before he could be seen by the dermatologist[1]

On October 5, 2000, plaintiff was transferred to CCI Tehachapi.  Plaintiff sought medical treatment at CCI, due to irritation and itching.  Plaintiff was seen by Dr. Hirsch, and diagnosed with genital herpes.  Dr. Hirsch prescribed a cream, Tolnaftate, which caused further irritation.  Plaintiff alleges that Tolnaftate is an anti-fungal cream, not an anti-viral cream, and "can not be used to treat herpes with is a virus or any other virus diseases and can cause serious complication in sensitive areas."  Plaintiff was seen by Dr. Hirsch, and plaintiff explained to Dr. Hirsch that the cream was causing further irritation.  Plaintiff alleges that Hirsch "again ignored plaintiff's concerns and without again subjecting him to a proper physical examination informed plaintiff that he was going to prescribe the same cream."  Plaintiff "again tried to explain defendant that the cream was irritating and further complicating his medical condition."  Defendant Hirsch responded with "a hostile attitude" and advised plaintiff to file an inmate

---

[1] It is unclear whether plaintiff was seen by the dermatologist while at CCI.  In the original complaint, plaintiff alleges that he was diagnosed by a dermatologist as having a lichen -like fungus. In the March 17, 2005, first amended complaint, plaintiff alleges that he was transferred before he could see the dermatologist, yet also alleges (in paragraph 25) that "defendant Hirsch ignored plaintiff concerns and aware of the dermatologist diagnosis and orders."

grievance.  The doctor requested custody staff to remove plaintiff from the clinic.

Plaintiff filed inmate grievances, and was eventually transferred to Pelican Bay State Prison.  At Pelican Bay, plaintiff was referred to a dermatologist, and diagnosed with the same condition that he was diagnosed at the Robert J. Donovan Correctional Facility in San Diego.

As to Warden Yarborough, plaintiff fails to state a claim for relief.  Liability may be imposed on supervisory defendants  under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege facts indicating that defendant Yarborough participated in, or knew of and failed to prevent, the alleged wrongs.

As to the remaining defendants, the only conduct charged to them is their participation in the appeals process.   There are no allegations that any of these defendants were personally involved.  A denial of an appeal is insufficient to demonstrate liability.  Redman v. County of San Diego, 942 F.2d 1435, 146-47 (9th Cir. 1991).

Plaintiff does, however, state a claim for relief as to Dr. Hirsch.  The court will grant plaintiff leave to file an amended complaint to cure the defects as to the remaining defendants.  If plaintiff chooses not to file a second amended complaint, this action will proceed on the first amended complaint as to Dr. Hirsch.  The court will provide plaintiff with the appropriate forms for service of process.

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted leave to file a second amended complaint.  The second amended complaint is due filed within thirty days of the date of service of this order.   If plaintiff chooses not to file a second amended complaint, this action will proceed against Dr. Hirsch, and the court will recommend dismissal of the remaining defendants.   IT IS SO ORDERED.

**Dated:   June 14, 2005**               /s/  **William M. Wunderlich**
mmkd34                         UNITED STATES MAGISTRATE JUDGE

3