IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ARAGON,

        Plaintiff,           CV F 02 6216 LJO WMW  P

    vs.                          FINDINGS AND RECOMMENDATION

N. HIRSCH, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the March 17, 2005, amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Corcoran State Prison, brings this civil rights action against correctional officials employed by the Department of Corrections at the California Correctional Institution at Tehachapi (CCI). Plaintiff names the

following individuals: M. Yarborough, Warden; N. Hirsch, M.D., a staff physician and surgeon at CCI; J. Close, the Health Care Manager; Medical Technical Assistant (MTA) J. Patton; Health Care Manager J. Moor; Appeals Coordinator K. Carter. Plaintiff claims the he was denied adequate medical care.[1]

Plaintiff suffers from "an inflammatory and irritated skin disorder located on the groin area." Plaintiff specifically alleges that he was diagnosed with eczema, a condition can not be cured. This condition causes itching, irritation, and "bleeding infections." These symptoms are triggered by emotional stress.

Plaintiff was first examined for his condition while he was housed at the R.J. Donovan Correctional Facility, and referred to a dermatologist. Plaintiff was transferred to CCI before he could be seen by the dermatologist[2]

On October 5, 2000, plaintiff was transferred to CCI Tehachapi. Plaintiff sought medical treatment at CCI, due to irritation and itching. Plaintiff was seen by Dr. Hirsch, and diagnosed with genital herpes. Dr. Hirsch prescribed a cream, Tolnaftate, which caused further irritation. Plaintiff alleges that Tolnaftate is an anti-fungal cream, not an anti-viral cream, and "can not be used to treat herpes with is a virus or any other virus diseases and can cause serious complication in sensitive areas." Plaintiff was seen by Dr. Hirsch, and plaintiff explained to Dr. Hirsch that the cream was causing further irritation. Plaintiff alleges that Hirsch "again ignored plaintiff's concerns and without again subjecting him to a proper physical examination informed plaintiff that he was going to prescribe the same cream." Plaintiff "again tried to

---

[1] On November 10, 2005, the District Court entered an order adopting the findings and recommendations of the Magistrate Judge, dismissing Defendants Yarborough, Patton, Pearson, Carter and Close. Defendant Hirsch is the sole remaining Defendant in this action.

[2] It is unclear whether plaintiff was seen by the dermatologist while at CCI. In the original complaint, plaintiff alleges that he was diagnosed by a dermatologist as having a lichen-like fungus. In the March 17, 2005, first amended complaint, plaintiff alleges that he was transferred before he could see the dermatologist, yet also alleges (in paragraph 25) that "defendant Hirsch ignored plaintiff concerns and aware of the dermatologist diagnosis and orders."

explain defendant that the cream was irritating and further complicating his medical condition." Defendant Hirsch responded with "a hostile attitude" and advised plaintiff to file an inmate grievance.   The doctor requested custody staff to remove plaintiff from the clinic.

Plaintiff filed inmate grievances, and was eventually transferred to Pelican Bay State Prison.  At Pelican Bay, plaintiff was referred to a dermatologist, and diagnosed with the same condition that he was diagnosed at the Robert J. Donovan Correctional Facility in San Diego.

**Defendant Hirsch moves to dismiss this action on the ground that Plaintiff fails to state a claim upon which relief could be granted.  Defendant argues that the pleading on which this action proceeds fails to allege facts that support Plaintiff's claim of deliberate indifference.  Plaintiff has opposed the motion.**

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991).

The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 112 S.Ct. 995, 998 (1992); Wilson, 111 S.Ct. at 2323.  Deliberate indifference is present "when prison officials deny, delay or intentionally interfere with medical treatment," or it may be shown "by the way . . . prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (cites omitted).  While neither negligence nor medical malpractice is sufficient to violate the Eighth Amendment, a plaintiff is not required to show a complete failure to provide medical treatment.  Rather, "deliberate indifference" may be shown by conduct amounting to a total failure to competently treat a serious medical condition, even if

1 | some treatment is prescribed.  See, Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.
2 | 1989).
3 |      Additionally, plaintiff cannot prevail in a section 1983 action where only the quality of
4 | treatment is subject to dispute.  Sanchez v. Vild, 891 F.2d  240 (9th Cir. 1989).  Mere difference
5 | of opinion between a prisoner and prison medical staff as to appropriate medical care does not
6 | give rise to a section 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).
7 |      Nor does mere delay in medical treatment constitute deliberate indifference.  Shapley v.
8 | Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985).  A plaintiff must show the
9 | delay caused him serious harm.  But see  McGuckin, supra at 1060 (plaintiff not required to
10 | show "substantial harm").  In addition, a prisoner must show defendant knew aid was required,
11 | had the ability to render that aid, yet "sat idly by."  Id.  In other words, deliberate indifference is
12 | a function of the seriousness of prisoner plaintiff's medical needs and the wrongfulness of the
13 | defendant's actions in light of those needs.  McGuckin, supra at 1061.
14 |      In applying this standard, the Ninth Circuit has held that before it can be said that
15 | a prisoner's civil rights have been abridged, "the indifference to his medical needs must be
16 | substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause
17 | of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle,
18 | 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating
19 | a medical condition does not state a valid claim of medical mistreatment under the Eighth
20 | Amendment.  Medical malpractice does not become a constitutional violation merely because the
21 | victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern,
22 | 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992),
23 | overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en
24 | banc).  Even gross negligence is insufficient to establish deliberate indifference to serious
25 | medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's
26 |

1  mere disagreement with diagnosis or treatment does not support a claim of deliberate
2  indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

3        **Defendant argues that Plaintiff's condition, as alleged in the second amended**
4  **complaint, "are triggered or setoff by irritants such as soap, sweat, etc. environmental**
5  **allergies and specially (sic) emotional distress." (Am. Compl. 7:3).  Plaintiff concedes that**
6  **the condition that he suffers from is not curable.  Id.   Plaintiff alleges in general that**
7  **medical staff ignored his requests to be sent to a dermatologist.  (Am. Compl. 8:14).**

8        **As to Defendant Hirsch, Plaintiff's specific allegations are that on March 31,**
9  **2001, he was examined by Hirsch.   Plaintiff advised Hirsch that at the R.J. Donovan**
10 **Correctional Facility in San Diego, he was seen and was referred for a dermatological**
11 **consult.   Plaintiff alleges that, "without a proper physical examination," Hirsch diagnosed**
12 **his condition as herpes and prescribed a cream (tolnaftate).   The cream caused Plaintiff**
13 **itching and irritation.  (Am. Compl., 9:1-9).**

14       **Two months later, Plaintiff was again seen by Hirsch.   Plaintiff told Hirsch**
15 **that the cream was causing him irritation and again requested a referral to a**
16 **dermatologist.  Hirsch advised Plaintiff to continue using the cream.   Hirsch advised**
17 **Plaintiff that if he had any complaints, he should file an inmate grievance.  (Am. Compl.,**
18 **10).**

19       **The Court finds that Plaintiff alleges, at most, a claim for medical negligence.**
20 **By Plaintiff's own allegations, he has a condition that is not amenable to treatment.  At**
21 **most, Hirsch prescribed a remedy for Plaintiff's symptoms that cause him itching and**
22 **irritation.  There are no allegations that Hirsch forced Plaintiff to apply the medication.**
23 **There are no allegations that Hirsch knew of a serious medical condition of Plaintiff's and**
24 **acted with deliberate indifference as that term is defined above.  There are no allegations**
25 **that Defendant Hirsch knew of and disregarded an appropriate course of treatment.  By**
26

**Plaintiff's own allegations, he has a condition with no known cure.  Though Plaintiff may disagree with Hirsch's diagnosis or course of treatment, that does not subject Hirsch to liability under the Eighth Amendment.  As noted, even gross negligence does not state a claim for an Eighth Amendment violation.  There are no facts alleged that support a claim that Defendant Hirsch knew of and disregarded as serious risk to Plaintiff's health.**

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss be granted, and this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 27, 2007            /s/  William M. Wunderlich
                                   UNITED STATES MAGISTRATE JUDGE